## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## MIAMI DIVISION

|  |  |
|---|---|
| KEELY HILL. MICHAEL PENNEL, JR., AND BLK CAVIAR BULLIES LLC, | |
| Plaintiffs, | Civil Action No. _____ |
| v. | JURY TRIAL DEMANDED |
| KALABRYA HASKINS, | |
| Defendant. | |

## COMPLAINT FOR CIVIL CASE

The Plaintiffs, Keely Hill ("Plaintiff Hill" or "Ms. Hill"), Michael Pennel, Jr. ("Plaintiff Pennel or "Mr. Pennel"), and Blk Caviar Bullies, LLC ("Plaintiff Blk Caviar" or "Blk Caviar") (collectively, the "Plaintiffs"), through their undersigned counsel of record, bring this civil action for damages against the Defendant, Kalabrya Haskins ("Defendant" or "Defendant Haskins"). The Plaintiffs bring this action, under Florida law, for damages for: (1) defamation *per se*, (2) personal property damage, (3) civil conversion, and, in the alternative, (4) breach of contract.

### JURISDICTION AND VENUE

1. Pursuant to 28 U.S.C. §1332(a), this Court has subject matter jurisdiction over this action as the dispute is between citizens of different states and the amount in controversy exceeds the sum of $75,000, exclusive of interests and costs.

2. This Court has personal jurisdiction over the Defendant as she has extensive contacts with the State of Florida, including but not limited to, doing extensive business in the

State of Florida, and, on information and belief, has identified property in the State of Florida to which she has made plans to relocate from her current residence in Atlanta, Georgia.

3. Venue is proper in this judicial district, pursuant to 28 U.S.C. §1391(b)(2), because a substantial part of the events giving rise to the asserted claims occurred, and a substantial part of property that is the subject of this action is situated, in this judicial district.

## PARTIES

4. Plaintiff Hill is a citizen of the State of Florida and resides in Miami-Dade County, FL. Ms. Hill is the principal of Blk Caviar Bullies, LLC.

5. Plaintiff Pennel is a citizen of the State of Florida and resides in Miami-Dade County, FL. Plaintiff Pennel is a professional football player for the Kansas City Chiefs of the National Football League and, as such, Plaintiff Pennel is a Super Bowl champion.

6. Plaintiff Blk Caviar is a citizen of the State of Florida with a principal place of business located at 1110 Brickell Ave., Suite 400K-191, Miami, FL 33131. Blk Caviar is in the business of breeding American Blue Nose Pitbull Bullies.

7. Defendant Haskins is a citizen of the State of Georgia and resides at 788 W. Marietta St., N.W., Unit 1615, Atlanta, GA 30318.

## BACKGROUND FACTS

8. On May 11, 2024, Defendant Haskins sent two of her bulldogs (a male and a female) for breeding to the Plaintiff Blk Caviar facility in the Dominican Republic, pursuant to an agreement between the two parties. On June 6, 2024, the female dog died from an illness that the dog had begun suffering prior to being sent to Blk Caviar, unbeknownst to the Blk Caviar on-site manager in the Dominican Republic, Kelvin Nunez ("Mr. Nunez").

9. The male dog remained at the Blk Caviar Dominican Republic facility. On July 18, 2024, Mr. Nunez sent Defendant Haskins three videos of the male dog at the Dominican Republic facility, provided her with an available facetime schedule to see the dog, and also provided her with an overall wellness update of the dog. Defendant Haskins never responded to the communications.

10. On July 29, 2024, Defendant Haskins included in a text string an employee of Pet Limo Animal Services Inc, which is a Miami-based pet transportation company located at 6201 SW 118th Avenue Miami, FL 33183, to share that the male dog needed an international health certificate from the Dominican Republic to the United States. On July 30, 2024, Mr. Nunez responded to the group text string and stated that he was awaiting a confirmation from the veterinary clinic regarding the male dog's appointment date and time. On August 5, 2024, Mr. Nunez stated on the group text string that the vet appointment was scheduled for Friday, August 9, 2024, at 11:00 a.m.

11. On August 7, 2024, Defendant Haskins called multiple incorrect veterinary clinics in the Dominican Republic requesting vet records, using an incorrect account name for the deceased dog. In addition, Defendant Haskins called the vets and made false statements that the services provided by Plaintiff Blk Caviar were a "fraud" after she was told that the health records for the dogs could not be located. Further, Defendant Haskins proceeded to accuse Plaintiff Blk Caviar of stealing her dogs and she encouraged veterinary clinics to press charges against Blk Caviar for fraud. Defendant Haskins also contacted Plaintiff Hill and belligerently accused her company of defrauding her. Defendant Haskins knew that the aforementioned statements were false when she made them about Plaintiff Blk Caviar.

12. Defendant Haskins also demanded that Plaintiff Hill inform Plaintiff Pennel, who is not a principal or otherwise legally associated with Blk Caviar, that Defendant Haskins and the veterinary clinic had planned to sue Blk Caviar, along with the bank, for fraud. Defendant Haskins has persistently attempted to bring Plaintiff Pennel into this matter, despite being informed repeatedly by Plaintiff Hill that Plaintiff Pennel is not affiliated with Blk Caviar. On information and belief, Defendant Haskins has attempted to falsely link Plaintiff Pennel to Blk Caviar for the purposes of extorting him as a professional football player who has deep pockets.

13. On August 8, 2024, Mr. Nunez, who was unaware of the circumstances, had taken the male dog and four (4) of Blk Caviar's new litter of puppies to the vet. Upon arrival, Mr. Nunez was immediately turned away and arrested outside based on Defendant Haskins's false allegations that the dogs had been stolen and that Blk Caviar had allegedly defrauded her. As a result of the false allegations, the Dominican Republic authorities confiscated all of the dogs and Mr. Nunez was arrested and taken into police custody. Thereafter, Blk Caviar was given 48 hours to retrieve all of the dogs from the animal holding center. Because of the circumstances, Plaintiff Hill, the principal of Blk Caviar, and Plaintiff Pennel, her significant other – both of whom were in the United States – were unable to retrieve the dogs within the imposed 2-day time period. Accordingly, on information and belief, the dogs were euthanized or given away by the Dominican Republic authorities. The four (4) dogs, owned by Plaintiff Blk Caviar, were American Blue Nose Pitbull Bullies, which were valued at $8,000.00 each on the date Plaintiff Blk Caviar was deprived of the dogs.

14. On August 9, 2024, Plaintiff Hill, at the request of Defendant Haskins, called the Defendant while Plaintiff Pennel and Plaintiff Hill were together in a room. Defendant Haskins was belligerent and aggressive during the telephone conversation, cursing and making deliberate

threats to dispute the charges for the services provided by Blk Caviar. Defendant Haskins made statements to Plaintiff Hill and Plaintiff Pennel such as "Fuck you and your game; I'll take it up with the bank"; "Stop being an airhead Keely"; "You're acting like a slow ass bitch," and "Your nigga is a bitch."

15. On August 14, 2024, Defendant Haskins enticed various people to call and text Plaintiff Hill's cell phone with threatening text messages stating that if the dog was given back, then the problem would "go away." Such text messages provide evidence that Defendant Haskins had made false statements to these various people accusing Plaintiff Hill of committing the crime of theft of the dog, which statements Defendant Haskins knew were false when she made them.

16. On August 16, 2024, Defendant Haskins directed Jack Kearney ("Mr. Kearney"), who is the Team Security Manager of the Pittsburgh Steelers of the NFL, to contact Plaintiff Pennel at his place of employment at the facilities of the Kansas City Chiefs. The purpose of the contact was to attempt to intimidate Plaintiff Pennel and to put his employment with the Kansas City Chiefs at risk. On information and belief, Mr. Kearney serves in some working capacity with Plaintiff Haskins. Working on behalf of Defendant Haskins, Mr. Kearney spoke with the Team Security Managers and the Director of Player Engagement for the Kansas City Chiefs, Ramzee Robinson, making defamatory comments such as that Plaintiff Pennel stole Defendant's dogs and defrauded her out of her money through Blk Caviar.

17. Also on August 16, 2024, Defendant Haskins made a phone call to a woman named Alana Tucker, who is Plaintiff Hill's tax accountant, and falsely accused Plaintiff Hill of "scamming" and committing "fraud" against her through Blk Caviar. Defendant Haskins also falsely accused Plaintiff Pennel of stealing her dog. Defendant Haskins knew, when she accused Plaintiff Hill and Plaintiff Pennel of committing such crimes, that they were false.

18.     On August 17, 2024, after being served with a cease and desist letter at 9:04 a.m., Defendant Haskins texted Ramzee Robinson, the Director of Player Engagement for the Kansas City Chiefs (Plaintiff Pennel's employer) at 9:16 a.m., and made direct threats against Plaintiff Pennel. On August 19, 2024, Defendant Haskins defamed Plaintiff Pennel at his place of employment by falsely accusing him, to his team security managers, of having defrauded her and of stealing her dog. Defendant Haskins knew that these statements about Plaintiff Pennel were false when she made them.

19.     On August 24, 2024, Defendant Haskins contacted Adam Compo of Kansas City, MO, who is a business associate of the Plaintiff Hill and Plaintiff Pennel and made the false statements to him that Plaintiff Hill and Plaintiff Pennel had committed "thefts" and stating that "y'all are all getting sued and prosecuted."

20.     On August 31, 2024, Defendant Haskins initiated a fraudulent "charge back" of $2,407.50 on her Pay Pal account for a July 2024 payment she had made for services provided by Plaintiff Blk Caviar to her. This action was unauthorized by Plaintiff Blk Caviar. Defendant Haskins continues to retain the money returned to her through Pay Pal despite Plaintiff Blk Caviar's demand that she return the payment.

21.     On September 9, 2024, Defendant Haskins initiated a fraudulent "chargeback" for $7,174.35 with Square falsely stating that Plaintiff Blk Caviar had not provided her the goods and services that were in fact provided.

22.     On or about September 18, 2024, Defendant Haskins initiated another fraudulent "chargeback" for $6,174.85 with Square falsely stating that Plaintiff Blk Caviar had not provided her the goods and services that were in fact provided.

## CAUSES OF ACTION

### Count I
### (Defamation *Per Se*)

23. Plaintiff Hill and Plaintiff Pennel incorporate by reference Paragraphs 1-22 as though fully set forth herein.

24. The elements of defamation under Florida law are: (1) publication of a false statement; (2) knowledge or reckless disregard as to the falsity; and (3) actual damages.

25. Under Florida law, a statement amounts to defamation *per se* if it accuses the plaintiff of committing a crime. *Per se* defamatory statements are *presumed* harmful as a matter of law because they are so inherently damaging to the plaintiff's reputation that the plaintiff does not need to prove she suffered actual damages.

26. Defendant Haskins falsely communicated to multiple persons that Plaintiff Hill and Plaintiff Pennel committed fraud and theft, which acts constitute crimes under Florida law. Defendant Haskins knew, when she made the accusations, that they were false.

27. Defendant Haskins harmed Plaintiff Hill and Plaintiff Pennel by her defamatory *per se* acts, the damages of which will be proven at trial.

### Count II
### (Personal Property Damage)

28. Plaintiff Blk Caviar incorporates by reference Paragraphs 1-22 as though fully set forth herein.

29. Under Florida law, dogs are considered personal property.

30. Florida law provides that a plaintiff who suffers property damage that is permanent is entitled to recover the fair market value of the property at the date of the damage.

31.     Plaintiff Blk Caviar was the owner of four (4) American Blue Nose Pitbull Bullies, the fair market value of which was $8,000.00 for each dog on the date Plaintiff Blk Caviar was permanently deprived of the dogs through the actions of Defendant Haskins.

32.     Defendant Haskins owes Plaintiff Blk Caviar $32,000.00 in damages as a result of such personal property damage.

## Count III
## (Civil Conversion)

33.     Plaintiff Blk Caviar incorporates by reference Paragraphs 1-22 as though fully set forth herein.

34.     Under Florida law, the elements of civil conversion of money are: (1) specific and identifiable money; (2) an immediate right to possess the money; (3) an unauthorized act that deprives plaintiff of that money; and (4) a demand for return of the money and a refusal to do so.

35.     Defendant Haskins initiated a fraudulent "charge back" of $2,407.50 on her Pay Pal account for a July 2024 payment she had made for services provided by Plaintiff Blk Caviar to her. Plaintiff Blk Caviar has an immediate right to the money that Defendant Haskins fraudulently charged back, which charge back was unauthorized by Plaintiff Blk Caviar. Defendant Haskins continues to retain the unauthorized money returned to her through Pay Pal despite Plaintiff Blk Caviar's demand that she return the payment.

36.     Defendant Haskins initiated a fraudulent "charge back" for $7,174.35 with Square falsely stating that Plaintiff Blk Caviar had not provided her the goods and services that were in fact provided. Plaintiff Blk Caviar has an immediate right to the money that Defendant Haskins fraudulently charged back, which charge back was unauthorized by Plaintiff Blk Caviar. Defendant Haskins continues to retain the unauthorized money returned to her through Pay Pal despite Plaintiff Blk Caviar's demand that she return the payment.

37. On or about September 18, 2024, Defendant Haskins initiated another fraudulent "chargeback" for $6,174.85 with Square falsely stating that Plaintiff Blk Caviar had not provided her the goods and services that were in fact provided.

38. Plaintiff Blk Caviar has been damaged by Defendant Haskins unauthorized act in the amount of $15,756.70.

**Count IV**
**(Breach of Contract)**

39. Plaintiff Blk Caviar incorporates by reference Paragraphs 1-22 as though fully set forth herein.

40. Under Florida law, the elements of a breach of contract claim are: (1) a valid contract; (2) a material breach of contract; and (3) damages as a result of the breach.

41. Plaintiff Blk Caviar and Defendant Haskins entered into a valid contract. Defendant Haskins materially breached that contract by fraudulently retrieving her payments for valid services rendered by Plaintiff Blk Caviar. Plaintiff Blk Caviar was damaged by the material breach in the amount of $15,756.70 as an alternative to its conversion claim.

WHEREFORE, Plaintiffs demand as follows:

(1) That the Court declare that Defendant Kalabrya Haskins is liable for defamation *per se* against Plaintiff Keeli Hill and Plaintiff Michael Pennel, Jr. in an amount to be proven at trial.

(2) That the Court declare that Defendant Kalabrya Haskins is liable for personal property damage against Plaintiff Blk Caviar and must compensate Plaintiff Blk Caviar in the amount of $32,000.00, plus interest.

(3) That the Court declare that Defendant Kalabrya Haskins is liable for civil conversion against Plaintiff Blk Caviar and must compensate Plaintiff Blk Caviar in the amount of $15,756.70, plus interest.

(4) That the Court declare that Defendant Kalabrya Haskins is liable for breach of contract and must compensate Plaintiff Blk Caviar in the amount of $15,756.70, plus interest, in the alternative to its conversion damages claim.

(5) That the Court require that Defendant Kalabrya Haskins reimburse Plaintiffs for their reasonable attorney's fees and legal expenses for being forced to bring this action; and

(6) All such other and further relief as this Court deems just and proper.

Plaintiffs hereby request a trial by jury on their above-referenced claims.


Date: September 23, 2024

/s/ Demetrea Dobson
Demetrea Dobson (Florida Bar No.90104)
Dobson Law Office, PA
9100 S Dadeland Blvd., Suite 1500
Miami, FL 33156
Email: ddobson@dobsonlawoffice.com
Phone: 305-707-7560
Fax: 786-505-9797
Website: www.dobsonlawoffice.com

/s/ Manotti L. Jenkins
Manotti L. Jenkins
LAW OFFICES OF MANOTTI L. JENKINS, LTD.
161 North Clark Street, Suite 1700
Chicago, Illinois 60601
Telephone: 312-208-9537
Fax: 872-228-8153
Website: www.mljlawoffices.com
*Pro Hac Vice Pending*

Attorneys for the Plaintiffs